UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIFEL EL SAYYID ABDULHALIM,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINE COLVIN,<br><br>Defendant. | Case No. 15-cv-01481-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO ALTER OR AMEND AND FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. Nos. 24 & 25 |

Before the Court are the motions to alter or amend the judgment under Federal Rule of Procedure 59(e) and for relief from judgment under Federal Rule of Civil Procedure 60(b) filed by Plaintiff Hanifel El Sayyid Abdulhalim ("Plaintiff"). Dkt. Nos. 24 ("MAJ") & 25 ("MRJ"). Each motion seeks relief from the judgment previously entered in favor of Defendant Caroline Colvin, Acting Commissioner of the Social Security Administration ("Defendant") following the Court's order denying Plaintiff's motion for summary judgment. *See* Dkt. Nos. 20 & 23. Defendant has filed a consolidated opposition, Dkt. No. 32 ("Opp."), and Plaintiff has filed a consolidated reply, Dkt. No. 33 ("Reply").

Under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these motions are suitable for disposition without oral argument. For the reasons set forth below, the Court **DENIES** Plaintiff's motions to alter or amend and for relief from the judgment.

**I.     BACKGROUND**

Plaintiff filed a complaint in this Court on March 31, 2015, appealing the final decision of the Social Security Administration ("SSA") that denied his application for disability insurance benefits and supplemental security income under the Social Security Act. Dkt. No. 1.

On July 27, 2015, the SSA lodged a transcript of the underlying administrative proceedings

1   with the Court. Dkt. No. 14. On August 12, 2015, Plaintiff moved to replace four pages of the

2   transcript. Dkt. No. 15. He explained that those pages contained the medical opinion of one of

3   Plaintiff's treating physicians, Dr. Richard Patel, but the document lacked his signature. *Id.* at 1.

4   But for this difference, Plaintiff represented that it was "the same document." *Id.* The unsigned

5   version was "inadvertently sent to Defendant due to clerical error." Dkt. No. 15-1 ¶ 3.

6       Plaintiff moved for summary judgment on September 19, 2015. Dkt. No. 17. The Court

7   denied Plaintiff's motion on February 1, 2016. Dkt. No. 20. In that Order, the Court considered

8   Plaintiff's claim that the administrative law judge ("ALJ") failed to properly weigh Dr. Patel's

9   opinion when assessing Plaintiff's residual functioning capacity, and rejected it. *Id.* at 10-11.

10  Specifically, the Court stated the following with regard to its consideration of Dr. Patel's opinion:

> The ALJ properly took Plaintiff's moderate mental limitations identified by Dr. Patel . . . into account when assessing his RFC, as reflected in the qualifications to the RFC . . . The Court finds that the ALJ properly weighed and incorporated Dr. Patel's and Ms. Leung's opinion into his RFC assessment.

*Id.* The Court entered judgment in favor of Defendant on February 9, 2016. Dkt. No. 23.

    Plaintiff then filed the instant motions to alter or amend and for relief from the judgment. He claims that the Court clearly erred in entering judgment for Defendant because the ALJ did not have the benefit of considering Dr. Patel's *signed* opinion when he denied Plaintiff's application for social security benefits. MAJ at 5-6; MRJ at 2. Plaintiff characterizes the signed version of Dr. Patel's opinion as "newly discovered probative evidence" that "the ALJ never saw." MAJ at 2-3; *see also* MRJ at 2, 6. He asserts that Defendant has engaged in misconduct by refusing to stipulate to remand this action so that the ALJ can review this new evidence. MRJ at 1, 3.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 59

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment. In the Ninth Circuit, a Rule 59(e) reconsideration motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999 (en banc) (emphasis original). A district court may also grant a Rule 59(e) motion to "prevent manifest injustice." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

### B. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b)(3) permits a losing party to move for relief from judgment on the basis of "fraud . . . misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (quotation marks and citation omitted). District courts have wide discretion in making this determination. *See id.*

## III. DISCUSSION

Plaintiff's Rule 59(e) and Rule 60(b)(3) motions are meritless, and the Court denies both motions.

### A. Plaintiff's Rule 59(e) Motion

With respect to his Rule 59(e) motion, Plaintiff does not claim that the Court clearly erred in its substantive analysis of the ALJ's opinion denying social security benefits and he does not claim that there has been an intervening change in the law. *See* Fed. R. Civ. P. 59(e); *McDowell*, 197 F.3d at 1255. Instead, Plaintiff asserts that the copy of Dr. Patel's opinion that includes his signature constitutes "newly discovered evidence." *See* MAJ at 2, 6; MRJ at 2-3. As the Court stated in its Order denying Plaintiff's motion for summary judgment, "[t]he ALJ properly took Plaintiff's moderate mental limitations identified by Dr. Patel . . . into account when assessing his RFC, as reflected in the qualifications to the RFC[.]" Dkt. No. 20 at 10-11. And there is no evidence in the record that the ALJ discounted Dr. Patel's opinion because it was unsigned. Accordingly, Plaintiff's Rule 59(e) motion is denied.

///

### B. Plaintiff's Rule 60(b)(3) Motion

With respect to his Rule 60(b)(3) motion, Plaintiff claims that Defendant has committed misconduct that "threatens manifest injustice" because she refused to stipulate to remand this case for the ALJ to reconsider in light of the signed version of Dr. Patel's opinion. MRJ at 3-4. Defendant is well within her rights to refuse to voluntarily stipulate to remand this case to the ALJ given the facts laid out above, especially after she defeated Plaintiff's summary judgment motion. Plaintiff's claim that this constituted actionable misconduct that warrants the Court reversing its summary judgment order lacks any basis. Accordingly, Plaintiff's Rule 60(b)(3) motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Rule 59(e) motion to alter or amend the judgment and Plaintiff's Rule 60(b)(3) motion for relief from the judgment.

**IT IS SO ORDERED.**

Dated: 8/19/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge